IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.J.A.W., | ) | |
| | ) | |
| *by and through his next friend,* | ) | |
| *Marla A. Williams*, | ) | |
| | ) | CIVIL ACT. NO.  2:13cv157-MHT |
| Plaintiff, | ) | (WO) |
| | ) | |
| v. | ) | |
| | ) | |
| Luther Strange, *Attorney General*, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Currently pending is the motion to proceed *in forma pauperis* filed by the Plaintiff. (Doc. 2).  Upon consideration of the motion, it is

**ORDERED** that the motion to proceed *in forma pauperis* (Doc. 2) be and is hereby **GRANTED**.

On March 14, 2013, Marla A. Williams, *pro se*, filed a complaint purportedly on behalf of J.J.A.W., her minor son.  (Doc. 1).  Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), which is not restricted to prisoner complaints.  *Troville v. Venz*, 303 F.3d

1256, 1260 (11th Cir. 2002) ("find[ing] no error in the district court's dismissal of the complaint" of a nonprisoner proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(ii)).[1] Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is subject to dismissal as frivolous if it is "without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(ii).  *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). A complaint may be dismissed under Rule 12(b)(6) if the facts as pled do not state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint).  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[1]*Troville* was filed by a civilly committed detainee, and the Eleventh Circuit held that the plaintiff was not a "prisoner" within the meaning of 28 U.S.C. § 1915.  *Troville*, 303 F.3d at1258, 1260; *see also Brown v. Johnson*, 387 F.3d 1344, 1348 (2004) ("[T] he defendants correctly explain that *Troville* did not involve a prisoner.").

Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In evaluating *pro se* claims, a court must construe the pleadings liberally and hold them to a less stringent standard than those drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998).

### Discussion

Liberally construed, the complaint alleges the following relevant facts:[2]

On October 20, 2010, J.J.A.W., a minor, was sexually molested by his father, Jonathan Williams.  (Doc. 1 pp. 2-3).  Thereafter, the father reported the crime and sought counseling. (Doc. 1 pp. 2-3).  On March 23, 2011, the father pled guilty to sodomy in the second degree, was given a suspended sentence, and was placed on probation.[3]  (Doc. 1 p. 3).  In conjunction with the father's conviction and sentence, he was ordered to register as a sex offender pursuant to the Alabama Sex Offender Registration and Community Notification Act

---

[2]The court takes notice of related cases filed in the United States District Court for the Middle District of Alabama by Jonathan and Marla Williams.  On March 5, 2012, the court dismissed *Williams v. Valeska*, Case no. 1:11-cv-01017- TMH-CSC, on grounds that the case, which was filed by Jonathan Williams, constituted an improper collateral attack on the revocation of his probation.  On May 10, 2012, pursuant to 28 U.S.C. § 1915(e)(2), the court dismissed *Williams v. Valeska*, Case no. 1:11-cv-01067-MEF-CSC, which was filed by Marla Williams.

[3]The court notes that, according to previous complaints filed by Jonathan and Marla Williams, Jonathan Williams was arrested on July 28, 2011 for a community notification act violation; his probation was subsequently revoked.  *See Williams v. Valeska*, Case no. 1:11-cv-01017- TMH-CSC (Doc. 6); *Williams v. Valeska*, Case no. 1:11-cv-01067- MEF-CSC (Doc. 1).

("SORCNA"), Ala. Code § 15-20A-1, *et seq.*  (Doc. 1 p. 3).

On March 14, 2013, Marla A. Williams, J.J.A.W.'s mother and the wife of Jonathan Williams, filed a *pro se* complaint on behalf of J.J.A.W., alleging that SORCNA unconstitutionally deprives J.J.A.W. of his relationship with his father by restricting the ability of sex offenders to live and communicate with their minor victims.  *See* Ala. Code 1975 § 15-20A-16 (prohibiting sex offenders from "contacting" or making any "harassing communication" to former victims, and prohibiting sex offenders from knowingly coming within 100 feet of a former victim); *see also* Ala. Code 1975 § 15-20A-11 (limiting the right of a sex offender to live with or near his victim or the victim's immediate family members, or to reside with his minor children if convicted of a sexual offense against a minor).

As this court has previously made clear in a similar case filed by Marla A. Williams on behalf of her minor children seeking relief from the incidental effects of community notification act requirements on her family, *parents who are not attorneys may not bring a pro se action on behalf of a minor child*.  *See Williams v. Valeska*, Case no. 1:11-cv-01067-MEF-CSC (Doc. 7 p. 5); *see also Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) ("[P]arents who are not attorneys may not bring a *pro se* action on their child's behalf."); *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 449 (11th Cir. 2008) ("[W]hile individuals have the right to proceed *pro se*, . . . and Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, . . . a

non-lawyer parent has no right to *represent* a child in an action in the child's name."). This rule exists "because it helps to ensure that children . . . are not deprived of their day in court by unskilled, if caring, parents.").

Thus, any claim asserted by Marla A. Williams purporting to proceed *pro se* on behalf of her minor children "necessarily fails." *Whitehurst*, 306 Fed. Appx. at 449. Because it is futile for Marla A. Williams to attempt to pursue claims *pro se* on her children's behalf, the claims she purports to assert on behalf of J.J.A.W. are frivolous and are due to be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i).

### Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i).

Further, it is

**ORDERED** that on or before April 16, 2013, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of April, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE